# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Anthony Allen,

     Plaintiff,

vs.

Case No.  0:17-cv-3946

UNUM Life Insurance Company of America,

**COMPLAINT**

     Defendant.

Plaintiff, for his Complaint against Defendant, states and alleges:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because UNUM Life Insurance Company of America may be found in this district. In particular, UNUM Life Insurance Company of America is registered as a corporation with the State of Minnesota, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.   On information and belief, Defendant Time Warner Cable Enterprises LLC is the employee benefit plan ("Plan") that Time Warner Cable Enterprises LLC created and maintains to provide its employees with income protection should they become disabled.

4.   On information and belief, Defendant UNUM Life Insurance Company of America is a corporation organized and existing under the laws of the State of Delaware, and is the insurer and claims administrator for the Plan.

5.   Plaintiff is a resident and citizen of the United States, an employee of Time Warner Cable Enterprises LLC and a participant in the Plan.

6.   As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.   On information and belief, Plaintiff was covered at all relevant times under group disability policy number 567849 001 which was issued by UNUM Life Insurance Company of America to Time Warner Cable Enterprises LLC to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8.  On information and belief, UNUM Life Insurance Company of America both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, UNUM Life Insurance Company of America has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9.  UNUM Life Insurance Company of America's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10.     The Plan is an ERISA welfare benefit plan.

11.     Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.     Plaintiff became disabled under the terms of the Plan's policy on or about July 17, 2013 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13.     Plaintiff submitted a timely claim to UNUM Life Insurance Company of America for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict *must be weighed as a factor* in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14.     UNUM Life Insurance Company of America granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until November 17, 2016, when it denied all benefits after that date.   Plaintiff appealed, but UNUM Life Insurance Company of America denied Plaintiff's appeal on July 31, 2017.

15.     Plaintiff provided UNUM Life Insurance Company of America with substantial medical evidence demonstrating he was eligible for disability benefits.

16.     UNUM Life Insurance Company of America's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a.  UNUM Life Insurance Company of America failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b.  UNUM Life Insurance Company of America relied on the opinion of a medical professional who was financially biased by his relationship with UNUM Life Insurance Company of America and as such unable to offer an unbiased opinion;

c. UNUM Life Insurance Company of America relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. UNUM Life Insurance Company of America relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e. UNUM Life Insurance Company of America ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f. UNUM Life Insurance Company of America ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

17.   UNUM Life Insurance Company of America abused its discretion in denying Plaintiff's claim.

18.   The decision to deny benefits was wrong under the terms of the Plan.

19.   The decision to deny benefits was not supported by substantial evidence in the record.

20.   UNUM Life Insurance Company of America's failure to provide benefits due under the Plan constitutes a breach of the Plan.

21.     UNUM Life Insurance Company of America's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from July 17, 2013 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

22.     UNUM Life Insurance Company of America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct UNUM Life Insurance Company of America to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendants:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and post-judgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated:                                    RESPECTFULLY SUBMITTED,

By: /s/ Merrick Williams

Merrick Williams (MN Bar # 0300664)
Kristen Gyolai (MN Bar # 0395392)
Stephen Fields (MN Bar # 0276571)
**FIELDS LAW FIRM**
701 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Office: 612-370-1511
Merrick@Fieldslaw.com

Kristen@Fieldslaw.com
Steve@Fieldslaw.com

*Attorneys for Plaintiff*